CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 14, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA ROANOKE
DIVISION**

| | | |
|---|---|---|
| **SULAIMAAN AL-MU'MINU** | ) | |
| **MUQTADIR-ASADULLAH, VI,** | ) | |
| **TWANA DEANE,** | ) | |
| **TATYANA DEANE,** | ) | |
| Plaintiffs, | ) | Civil Action No. 7:26cv00385 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **HEARING OFFICER** | ) | |
| **CALVIN B. KING,** | ) | |
| Defendant. | ) | |

This civil rights complaint under 42 U.S.C. § 1983 has been filed by a Virginia inmate, Sulaimaan Al-Mu'minu Muqtadir-Asadullah, VI, and two non-prisoner plaintiffs, Twana Deane and Tatyana Deane, all acting pro se. *See* Compl., ECF No. 1. None of the plaintiffs have prepaid the filing costs for a civil case in this court. Upon review of the record, the court concludes that the interests of the parties, as well as the interests of justice, will be best served if this jointly-filed case is severed under Rule 21 of the Federal Rules of Civil Procedure into separate actions, individualized for each plaintiff.  Each plaintiff must then agree to pay for his or her own civil lawsuit and must personally sign any motions or responses submitted therein.

First, each of these plaintiffs is proceeding pro se. A pro se litigant may prosecute his or her own lawsuit about claims involving his interests, but he is not authorized to litigate the interests of any other inmate. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their *own* cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972) (a litigant "has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others") (citations omitted). Thus, each of these plaintiffs, as pro se litigants, may move forward only with his or her own claims. *Inmates v. Owens*, 561 F.2d 560,

562–63 (4th Cir. 1977) (to state civil rights claim, plaintiff must allege facts demonstrating that he himself has sustained, or will sustained, deprivation of right, privilege or immunity secured by the constitution or federal law).

Second, prisoner-filed civil complaints are governed by the Prisoner Litigation Reform Act ("PLRA"), which among other things expressly states that a prisoner plaintiff "shall be required to pay the full amount of a filing fee" for a civil action he brings.  28 U.S.C. § 1915(b)(1). The court concludes that following this mandate, it is appropriate to sever the claims into separate civil actions. *See, e.g, Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (finding that the PLRA *bars* permissive joinder of multiple prisoner plaintiffs in one civil rights action); *Ray v. Evercom Sys., Inc.*, No. CIVA 4:05-2904, 2006 WL 2475264, at *5-6 (D.S.C. Aug. 25, 2006) (applying *Hubbard* reasoning in the absence of Fourth Circuit precedent).

Third, Rule 21 authorizes the court, on its own motion and at any time, to "sever any claim against a party" for separate consideration and trial as the court believes circumstances warrant. *See, e.g.*, *17th Street Associates, LLP v. Markel Intern. Ins. Co. Ltd.*, 373 F. Supp. 2d. 584, 598 n.9 (E.D. Va. 2005) (noting that district courts have "virtually unfettered discretion in determining whether or not severance is appropriate").

For the reasons stated, it is hereby **ORDERED** as follows:

1. The claims brought in this jointly-filed civil action under § 1983 are hereby **SEVERED** into three separate civil actions—this case, No. 7:26-cv-00385, consisting of only the claims concerning Muqtadir-Asadullah VI, and two additional, separate civil cases for only those claims concerning Twana Deane and Tatyana Deane, respectively. ***In these cases, only the claims of the plaintiff appearing in the heading of the case will be considered.*** Once the court has set up new cases and assigned new case numbers for these lawsuits, Twana Deane

and Tatyana Deane will be notified of the new case number through receipt of an initial Order.

2.  In this case, the court will enter an initial Order to conditionally file the case and require the plaintiff to prepay the $405 filing costs for the case *or* to provide financial information required to apply for eligibility to pay the $350 filing fee through installments withheld from his trust account, pursuant to 28 U.S.C. § 1915(b). In the new cases, the court will enter an initial Order directing each plaintiff to pay $405 total in full or otherwise respond to the order. ***Each of the plaintiffs will be responsible for paying for his own case and for prosecuting his own case—by signing every filing submitted in that case.***

3.  Each plaintiff, using the civil action number of his severed case, shall notify the court in writing immediately upon his transfer or release or change of address and shall provide a new address.  FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THAT PLAINTIFF'S CASE.

4.  Pursuant to a Standing Order of Court, all non-dispositive matters in this case will be referred to a United States Magistrate Judge.

5.  All submissions in this case should be legible, written on one side of the paper only, with at least one-inch of clear space on all sides of the page. In any document the plaintiff submits to the court, pursuant to General Rule 8 of the Local Rules of the United States District Court for the Western District of Virginia, the plaintiff must omit, black out, or abbreviate personal data identifiers as follows: social security numbers (use only the last four digits), names of minor children (use initials), dates of birth (list only the birth year), financial account numbers (list only the last four digits), and home addresses (list only city and state). Submissions that do not comply with this paragraph may be returned to the plaintiff without being entered by the court.

6. All mailed pleadings should be sent to: Clerk, U.S. District Court, 210 Franklin Road SW, Suite 540, Roanoke, VA 24011-2208.

The Clerk is directed to send copies of this order to all plaintiffs.

**ENTERED**: July 14, 2026.

C. Kailani Memmer
United States Magistrate Judge

-4-